ADAM L. BRAVERMAN
United States Attorney
Renee Green
Special Assistant U.S. Attorney
Illinois Bar No. 6270798
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-6775
Renee.Green@usdoj.gov

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>JOSEPH DELEON CRUZ,<br><br>　　　　　Defendant. | Case No.: 18CR02382-LAB<br><br>Date:  July 2, 2018<br>Time: 2:00 p.m.<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel Adam L. Braverman, United States Attorney, and Renee Green, Special Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's Motion for Discovery, which is based upon the files and records of this case.

///
///
///
///
///

# I

## POINTS AND AUTHORITIES

### A.   The Motion to Compel Discovery Should Be Denied

The Government intends to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure.  The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

### (1)   Defendant's Statements

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has produced all of Defendant's written and oral statements that are known to the undersigned Special Assistant U.S. Attorney at this date.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

### (2)   Arrest Reports and Notes

The United States has already provided Defendant with a copy of the reports related to this investigation. However, if the United States discovers additional reports that require disclosure, the reports will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe,

220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment.  Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

### (3, 4) Brady Material, et al.

The United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect

the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

### (5, 6) Defendant's Criminal Record and Proposed 404(b) Evidence

The United States has already provided Defendant with a copy of the criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

Should the United States seek to introduce any similar act evidence pursuant to Federal Rules of Evidence 404(b), the United States will provide Defendant with notice of its proposed use of such evidence and information about such other acts at the time the United States' trial memorandum is filed.

### (7, 9) Evidence Seized & Tangible Objects

The Government has complied, and will continue to comply, with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or are intended for use by the Government as evidence during its case-in-chief at trial, or were obtained from or belong to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

///

**(8)** *Henthorn* **Material**

The United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

**(10)  Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include the expert witnesses' qualifications, the expert witnesses' opinions, the bases, and reasons for those opinions.

**(11-14)  Evidence of Bias or Motive to Lie; Impeachment Evidence; Evidence of Criminal Investigation of Any Government Witness; Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant. The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony. The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.

The United States objects to Defendant's request for any evidence tending to show that a prospective government witness has used narcotics or other controlled substances, or has been an alcoholic, as overly broad. Similarly, the United States objects to Defendant's request for medical or psychiatric reports or evaluations tending to show any prospective witness' impaired ability to perceive, remember, communicate, or tell the truth, as overly broad. As stated above, the United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.

///

///

**(15)   Jencks Act Material**

The Jencks Act, 18 U.S.C. §3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b).  A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(16-19)      _Giglio_ Information; Agreements Between the Government and Witnesses; Informants and Cooperating Witnesses; Bias by Informants or Cooperating Witnesses**

The United States will continue to comply with its obligations under Giglio. At this time, the United States is unaware of any promises made to any potential witnesses in exchange for their testimony. The United States does not anticipate calling informants or cooperating witnesses to testify in its case-in-chief.

**(20)   Residual Request**

The Government has already complied with Defendant's request for prompt compliance with its discovery obligations.  The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

**B.**     **Defendant's Request for Preservation of Evidence Should be Limited**

The United States does not object to an order of preservation so long as there is an expiration date.

**C.**     **Defendant's Request for Leave to File Further Motions Should be Denied**

The United States objects to this motion unless the further motion is based upon information not already available to Defendant.

## II

## CONCLUSION

For the reasons stated above, the United States moves this Court to deny Defendant's motions.

DATED:     June 25, 2018                    Respectfully submitted,

ADAM L. BRAVERMAN
United States Attorney


 s/Renee Green____
RENEE GREEN
Special Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 18CR02382-LAB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOSEPH DELEON CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

I, RENEE GREEN, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response in Opposition to Defendant's Motion for Discovery by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2018.

s/Renee Green
RENEE GREEN
Special Assistant U.S. Attorney